IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MULTIVAC, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No._____ |
| v. ) | |
| ) | |
| ROTELLA'S ITALIAN BAKERY, INC. ) | |
| ) | |
| Serve: Mike Quarrato, Registered Agent ) | |
| 3351 NE Chouteau Trafficway ) | |
| Kansas City, MO 64117 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Multivac, Inc. ("Multivac"), by and through its attorneys of record, states the following for its Complaint against Defendant Rotella's Italian Bakery, Inc. ("Rotella's"):

### Parties, Venue and Jurisdiction

1. Multivac is a Delaware corporation with its principal place of business at 11021 NW Pomona, Ave., Kansas City, Missouri 64153.

2. Rotella's is a Nebraska corporation with its principal place of business at 6949 S. 108th St., La Vista, Nebraska 69128. Rotella's is registered to do business in Missouri and may be served through its registered agent, Mike Quarrato, at 3351 NE Chouteau Trafficway, Kansas City, MO 64117.

3. Rotella's is subject to personal jurisdiction in this Court because it regularly conducts business in Missouri, maintains a registered agent for service of process in Missouri, and may be personally served with process in Missouri.

4. This Court has jurisdiction of this matter under 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.

5.  The parties consented to venue in this Court. Venue is also proper in this Court under 28 U.S.C. § 1391(b).

## Allegations Common to All Counts

6.  On or about April 21, 2014, Multivac and Rotella's executed Sales Proposal #24838-V4 (the "Contract"), under which Rotella's agreed to buy and Multivac agreed to sell a Multivac R535 packaging machine (the "Machine"). A true and accurate copy of the Contract is attached hereto as Exhibit A.

7.  The parties agreed that the Contract could not be cancelled. Indeed, ¶ 15 of the Terms and Conditions to the Contract states:

> Once accepted by the Company, an order for Goods cannot be canceled by Customer without written approval from the Company. Acceptance of cancellation will be predicated upon Customer's payment of a cancellation charge to be determined by the Company.

Exhibit A at ¶ 15.

8.  Under the Contract, Rotella's agreed to pay a total purchase price of $560,964.00 for the Machine.

9.  Upon executing the Contract, Rotella's made a down payment towards the Machine in the amount of $186,350.00.

10. Multivac proceeded to build the Machine according to Rotella's specifications.

11. The Machine was completed and delivered to Multivac's Kansas City warehouse in September of 2014.

12. After the Machine was completed, Multivac requested the remaining payment from Rotella's before delivering and installing the Machine.

13. Rotella's refused to complete the purchase of the Machine.

14. Multivac stands willing and ready to deliver and install the Machine upon receiving payment from Rotella's.

15. On or about October 23, 2013, Multivac sent Rotella's a demand letter demanding payment of the remaining purchase price of the Machine, (the "Demand Letter"). A true and accurate copy of the Demand Letter is attached hereto as Exhibit B.

16. As of the date of filing, Rotella's still refuses to pay the remaining amounts due under the Contract.

17. Rotella's still owes $374,614.00, exclusive of sales tax, under the Contract.

18. In addition, Rotella's is liable for the cost of transporting the Machine from the US port of entry to Rotella's. Those costs are estimated at $14,700.00.

19. Rotella's is also liable for the reasonable cost of storing the Machine.

20. Under the Contract, Rotella's is liable for pre-judgment interest at the prime rate plus three percentage points. *See* Exhibit A, terms and conditions, ¶ 2(b)(i).

21. In addition, the Contract terms and conditions state:

> Customer shall pay all costs of the Company, including reasonable attorney's fees and court costs, incurred by it in collection of past due amounts from the Customer.

Exhibit A, terms and conditions, ¶ 2(b)(iii).

## **COUNT I – BREACH OF CONTRACT**

22. Multivac incorporates paragraphs 1-21 above as though they were fully restated herein.

23. The Contract was a valid and enforceable contract between Multivac and Rotella's.

3

24. Under the contract, Multivac agreed to construct the Machine according to Rotella's specifications in exchange for a payment of $560,964.00.

25. Multivac performed all of its obligations under the Contract.

26. Multivac completed construction of the Machine and stands ready to deliver and install the Machine upon receiving final payment from Rotella's.

27. Rotella's paid a down payment of $186,350.00, but refused to pay the remaining $374,614.00 plus sales tax.

28. Rotella's breached the Contract by failing and refusing to pay the remaining purchase price.

29. As a direct and proximate result of Rotella's breach, Multivac has been damaged.

WHEREFORE, Multivac requests that this Court enter its judgment in favor of Multivac and against Rotella's for (1) the principal amount of $374,614.00, plus sales tax, (2) $14,700.00 in shipping costs to transport the Machine from the US port of entry to Rotella's, (3) reasonable costs of storage; (4) prejudgment interest at the contractual rate, and (5) costs and reasonable attorney's fees incurred in this matter.

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/Kathryn G. Lee*
Kathryn G. Lee, MO #56506
Kyle A. Kitson, MO #66008
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Kathryn.lee@huschblackwell.com
Kyle.kitson@huschblackwell.com

ATTORNEYS FOR MULTIVAC