IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MULTIVAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-01003-ODS |
| | ) | |
| vs. | ) | |
| | ) | |
| ROTELLA'S ITALIAN BAKERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF MULTIVAC, INC.'S MOTION IN LIMINE #1
AND SUGGESTIONS IN SUPPORT THEREOF:
<u>REFERRING TO MULTIVAC AS A GERMAN, OR FOREIGN-BASED, COMPANY</u>**

Plaintiff Multivac, Inc. ("Multivac") respectfully moves this Court for an order excluding any evidence or argument (including reference to such matters during voir dire, opening statement, and closing argument) referring to Multivac as a German, or foreign-based company. Not only is such a reference incorrect, it is also irrelevant, has no probative value, and would be highly prejudicial to Multivac.

**I.      Legal Authority**

Pursuant to the Federal Rules of Evidence, upon the filing of a Motion in Limine, this Court has the authority to make preliminary determinations as to the admissibility of evidence prior to the commencement of trial.  *See* Fed. R. Evid. 103(d) and 104 (a).  If there is no applicable rule of evidence, the Court also may "consider motions *in limine* and bar the admission of evidence any time before the proceeding begins" based in its "inherent authority to manage the course of trials." *In re Bridge Information Sys., Inc*., No. 01-41593-293, 2007 WL 7232610, at *2 (Bankr. E.D. Mo. July 9, 2007) (citing *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 n.6 (7th Cir. 1989)).

Federal Rules of Evidence 401 and 402 limit admissible evidence to information that is "relevant." For evidentiary purposes, evidence is relevant if it "has any tendency to make the existence of a consequential fact more or less probable than it would be without the evidence." *Greenwood Ranches v. Skie Constr., Co.*, 629 F.2d 518, 523 (8th Cir. 1980) (citing Fed R. Evid. 401 and 402). Under Federal Rule of Evidence 403, even if evidence is deemed relevant, it is still inadmissible when, "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *See also Greenwood*, 629 F.2d at 523 (citing Fed. R. Evid. 403).

## II. Exclusion of Evidence and/or Argument Regarding Multivac Being a German or Foreign-Based Company.

Rotella's may attempt to sway a local jury by arguing that this case boils down to a small Nebraska bakery taking on a large German, or foreign-based, manufacturing company. Not only would such an argument be misleading, it would also be irrelevant and highly prejudicial to Multivac. Accordingly, the Court should prohibit Rotella's from making such an argument, or from introducing evidence to that end.

*First*, it is undisputed that Plaintiff Multivac, Inc. is a Delaware corporation with its principal place of business at 11021 NW Pomona, Ave., Kansas City, Missouri 64153. Although Multivac, Inc. is a subsidiary of a multinational manufacturing group, it would be misleading and frankly, incorrect, to refer to Multivac, Inc. as anything other than an American company headquartered in Kansas City, Missouri. Multivac's motion should be granted on that ground alone, under the Court's inherent authority to manage the course of trials. *In re Bridge*, 2007 WL 7232610 at *2.

*Second*, evidence or argument referring to Multivac as a foreign company should be excluded because it is irrelevant to the issues that may be presented to the jury. Fed. R. Evid. 402. This issue has no bearing on whether Rotella's breached its contract to purchase the R535 machine from Multivac, and it has no bearing on any of Rotella's counterclaims. Accordingly, it fails to meet the test for relevant evidence, Fed. R. Evid. 401, and should be excluded.

*Third*, even if it could be argued that Multivac's affiliation with a foreign group is somehow relevant, the Court should prohibit introduction of such evidence because its probative value (i.e., essentially non-existent) will be substantially outweighed by the unfair prejudice that its introduction will cause to Multivac. Such evidence would be introduced solely to make the jury view the case as an American Company vs. Foreign Company dispute, which would only serve to inflame the jury and cause prejudice to Multivac.

### III.     Conclusion

For the foregoing reasons, Multivac respectfully requests that the Court prohibit Rotella's from introducing evidence or argument claiming that Multivac is a German, or foreign-based, company. Multivac also requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael S. Hargens
| | |
|---|---|
| Michael S. Hargens | MO #51077 |
| Kyle A. Kitson | MO #66008 |

4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Michael.Hargens@huschblackwell.com
Kyle.Kitson@huschblackwell.com

ATTORNEYS FOR PLAINTIFF MULTIVAC, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2016, a true and accurate copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Matthew W. Lytle
Miller Schirger, LLC
4520 Main Street, Suite 1570
Kansas City, MO 64111
mlytle@millerschirger.com

Paul M. Shotkoski & David P. Kennison
FRASER STRYKER PC LLO
400 Energy Plaza
409 South 17th Street
Omaha, NE 68102
pshotkoski@fraserstryker.com
dkennison@fraserstryker.com

ATTORNEYS FOR DEFENDANT
ROTELLA'S ITALIAN BAKERY, INC.

/s/ Michael S. Hargens
Attorney for Plaintiff Multivac, Inc.