IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MULTIVAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-01003-ODS |
| | ) | |
| vs. | ) | |
| | ) | |
| ROTELLA'S ITALIAN BAKERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF MULTIVAC, INC.'S MOTION IN LIMINE #2
AND SUGGESTIONS IN SUPPORT THEREOF:
<u>CHARACTER EVIDENCE AND PRIOR UNRELATED ACTS</u>**

Plaintiff Multivac, Inc. ("Multivac") respectfully moves this Court for an order excluding any testimony, evidence or argument (including reference to such matters during voir dire, opening statement, and closing argument) regarding prior unrelated acts and/or alleged "character" evidence involving Multivac's sales representative, Mark Snethen. Such evidence is irrelevant, has no probative value, and would be highly prejudicial to Multivac.

**I.      <u>Legal Authority</u>**

Pursuant to the Federal Rules of Evidence, upon the filing of a Motion in Limine, this Court has the authority to make preliminary determinations as to the admissibility of evidence prior to the commencement of trial. *See* Fed. R. Evid. 103(d) and 104 (a). If there is no applicable rule of evidence, the Court also may "consider motions *in limine* and bar the admission of evidence any time before the proceeding begins" based in its "inherent authority to manage the course of trials." *In re Bridge Information Sys., Inc.*, No. 01-41593-293, 2007 WL 7232610, at *2 (Bankr. E.D. Mo. July 9, 2007) (citing *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 n.6 (7th Cir. 1989)).

Federal Rules of Evidence 401 and 402 limit admissible evidence to information that is "relevant." For evidentiary purposes, evidence is relevant if it "has any tendency to make the existence of a consequential fact more or less probable than it would be without the evidence." *Greenwood Ranches v. Skie Constr., Co.*, 629 F.2d 518, 523 (8th Cir. 1980) (citing Fed R. Evid. 401 and 402). Under Federal Rule of Evidence 403, even if evidence is deemed relevant, it is still inadmissible when, "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *See also Greenwood*, 629 F.2d at 523 (citing Fed. R. Evid. 403).

## II. Exclusion of Evidence or Argument Regarding Prior Unrelated Acts and/or Character Evidence Involving Mark Snethen.

Multivac believes that Rotella's may attempt to introduce evidence or testimony regarding prior unrelated acts or character evidence of Mark Snethen. Mr. Snethen is the Multivac sales representative who sold the R535 packaging machine to Rotella's. Rotella's alleges in this case that Mr. Snethen, during the contract negotiations with Rotella's, promised Rotella's that it would achieve a specific shelf-life increase (i.e., either a 9-12 mo. or 6-9 mo. increase) for its bakery products if it purchased a R535 machine. Mr. Snethen denies that he ever made a promise regarding a specific shelf-life increase that Rotella's would achieve. This is one of the key factual disputes in this case.

An example of the improper evidence which Multivac believes that Rotella's may want to introduce is found in part of Deposition Exhibit 42, which contains a Multivac internal email between Gregg Poffenbarger and Lou Klemp. *See* Deposition Exhibit 42, attached hereto as **Exhibit A**. In the last correspondence in the email chain, Mr. Poffenbarger makes vague references to "technical mistakes made by Mark" and "the butt chewing … on … other

2

mistakes" involving Snethen. *Id*. Rotella's should be barred from introducing this email (or related evidence of "other mistakes") because such evidence is irrelevant and, even if it was relevant, its probative value is substantially outweighed by the prejudicial effect it would have on Multivac.

*First*, Mr. Poffenbarger's email contained in Deposition Exhibit 42 is irrelevant to Rotella's affirmative defenses and counterclaims. Specifically, Rotella's has not asserted a defense or counterclaim based on "technical mistakes" involving the R535 machine. Rather, Rotella's defenses and counterclaims relate to alleged promises made by Mr. Snethen regarding the specific shelf-life of Rotella's products. Alleged "technical mistakes" are not relevant to those claims, and Mr. Poffenbarger's email in Deposition Exhibit 42 should be excluded on that ground alone.

This lack of relevance is further supported by the deposition testimony of the recipient of the email, Lou Klemp.[1] Mr. Klemp testified that he never had a discussion with Mr. Poffenbarger about any "technical mistakes" made by Mr. Snethen, and that he believes that the reference to "technical" issues could have been referring to the technical change in the "web" and "advance length" of the machine. *See* Deposition of L. Klemp, attached hereto as **Exhibit B**, p. 116:20-117:7. At no time has Rotella's ever claimed that any such "technical" issue served as the basis for its counterclaims of repudiation and breach of implied and express warranty. Thus, the reference to a "technical mistake" is irrelevant to the claims at issue in this case.

*Second*, the prejudicial effect that this evidence would have against Multivac substantially outweighs the probative value, if any, of such evidence. Rotella's would likely attempt to use this evidence regarding "technical mistakes" and unidentified "other mistakes" to portray Mr. Snethen as someone who makes mistakes on a regular basis and who, therefore, must

---

[1] The author of the email, Gregg Poffenbarger (a Director of Sales at Multivac), was never deposed in this case.

3

have made a mistake or misrepresentation regarding the capabilities of the R535. However, any such evidence would be akin to inadmissible character evidence under Fed. R. Evid. 404(a)(1). The fact that Mr. Snethen may have made a mistake regarding a technical issue in the present case, or made another unidentified mistake on some other occasion, is not probative as to whether he represented (mistakenly or otherwise) the capabilities of the R535 during his discussions with Rotella's. As such, the introduction or reference to any such evidence would be highly prejudicial to Multivac and should be prohibited by the Court.

## III. Conclusion

For the foregoing reasons, Multivac respectfully requests that the Court prohibit Rotella's from introducing evidence or testimony regarding prior unrelated acts and/or alleged "character" evidence involving Multivac's sales representative, Mark Snethen. Multivac also requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael S. Hargens
| | |
|---|---|
| Michael S. Hargens | MO #51077 |
| Kyle A. Kitson | MO #66008 |

4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Michael.Hargens@huschblackwell.com
Kyle.Kitson@huschblackwell.com

ATTORNEYS FOR PLAINTIFF MULTIVAC, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 18, 2016, a true and accurate copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Matthew W. Lytle
Miller Schirger, LLC
4520 Main Street, Suite 1570
Kansas City, MO 64111
mlytle@millerschirger.com

Paul M. Shotkoski & David P. Kennison
FRASER STRYKER PC LLO
400 Energy Plaza
409 South 17th Street
Omaha, NE 68102
pshotkoski@fraserstryker.com
dkennison@fraserstryker.com

ATTORNEYS FOR DEFENDANT
ROTELLA'S ITALIAN BAKERY, INC.

/s/ Michael S. Hargens
Attorney for Plaintiff Multivac, Inc.