# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MULTIVAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-01003-ODS |
| | ) | |
| vs. | ) | |
| | ) | |
| ROTELLA'S ITALIAN BAKERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF MULTIVAC, INC.'S RESPONSE TO DEFENDANT ROTELLA'S MOTIONS IN LIMINE

Rotella's spent months negotiating a written contract to purchase the R535 Machine from Multivac. Now, Rotella's seeks to prohibit the jury from seeing numerous, material portions of the very contract that its representatives reviewed, understood, and signed. Rotella's fails to cite any rule of evidence in support of its position, and the prejudice that Multivac would suffer from the requested redactions is substantial. Therefore, the Court should deny Rotella's Motions in Limine Nos. 1, 2, 3, and 4.[1]

> 1. **The Court Should Deny Rotella's Motion in Limine No. 1 Because the Parol Evidence Rule Still Bars Evidence of Prior Agreements.**

In its first Motion in Limine, Rotella's appears to have misconstrued the Court's prior determination regarding the application of the parol evidence rule. The Court did <u>not</u> rule that the parol evidence rule was entirely inapplicable to the agreement, but only that the parol evidence rule did not bar "testimony at trial regarding what the R535 was supposed to do, including <u>information</u> and <u>representations</u> made by Multivac to Rotella's prior to the contract being executed." (Doc. 52, p. 9) (emphasis added). This is a far more limited holding than Rotella's portrays in its motion.

---

[1] Multivac does not oppose Rotella's Motions in Limine Nos. 5 and 6.

Indeed, as the Court noted, the integration clause in the Contract means "the parties intended all prior contemporaneous <u>agreements</u> should have been merged into the contract." (Doc. 52, p. 9) (emphasis added). The Court cited to several cases holding that in such circumstances, the parol evidence rule bars evidence of "all prior **negotiations and agreements** in regard to the same subject matter." (Doc. 52, pp. 8-9). Accordingly, while the Court has held that parol evidence as to prior "information" and "representations" will be admitted (Doc. 52, p. 9),[2] it has also held that the parol evidence rule bars admission of evidence regarding prior "negotiations" and "agreements." (Doc. 52, pp. 8-9). Because the parol evidence rule is still applicable to <u>some</u> kinds of evidence, the Court should deny Rotella's Motion in Limine No. 1 to exclude mention of the parol evidence rule as to <u>all</u> evidence.

### 2. The Court Should Deny Rotella's Motion in Limine No. 2 Because the Contract's Integration Clause Still Applies to Prior Agreements.

Rotella's Second Motion in Limine largely duplicates its first, and should be denied for the same reasons. But the Second Motion in Limine also goes far beyond the Court's summary judgment holding. The Court did <u>not</u> hold that Section 1 of the Contract (the integration clause) was invalid or inoperative, but merely that the application of the integration clause was limited to "all prior and contemporaneous agreements." (Doc. 52, p. 9). While Multivac respectfully disagrees with such a narrow reading of the integration clause, that reading nonetheless leaves the clause intact, operative, and highly relevant to the issues at trial. Moreover, Rotella's does not cite a single case that would justify redaction of an operative portion of a contract, and Multivac is not aware of any such case from this Court or the Eighth Circuit that would support Rotella's position. Multivac would also be materially prejudiced by the jury's inevitable

---

[2] Multivac reasserts and incorporates by reference its request in its Motion in Limine #3 (Doc. 57) that the Court reconsider its prior ruling to allow parol evidence as to prior information and representations at trial.

2

assumptions regarding any redaction, the reasons for it, and the content of the redacted portions. The Court should deny Rotella's Motion in Limine No. 2.

### 3. The Court Should Deny Rotella's Motion in Limine No. 3 Because the Court Expressly Held the Waiver of Express Warranty Is An Issue for the Jury.

In a continuing theme, Rotella's stretches the Court's summary judgment ruling well past the breaking point in its Motion in Limine No. 3. The Court did <u>not</u>, as Rotella's suggests, hold that all of Section 6 of the Contract (the waiver provision) was ineffective. Rather, the Court's holding regarding the waiver provision was expressly limited to waiver of "the implied warranty of merchantability." (Doc. 52, pp. 12-13).

As an initial matter, the Court's holding that the disclaimer of implied warranty "did not meet the requirements of the Missouri statutes" was in the section specifically titled "*(2) Breach of Implied Warranty of Merchantability*." (Doc. 52, p. 12). Moreover, in the previous section, addressing "breach of express warranty" the Court specifically reserved the issue of waiver of express warranty for the jury to decide:

> In particular, <u>there are disputed issues of material fact regarding reconciliation of the express warranty(ies) made by Multivac with the disclaimer clause.</u> Thus, both parties' motions for summary judgment are denied with regard to this counterclaim (affirmative defense).

(Doc. 52, p. 11) (emphasis added). It would be impossible for the jury to carry out the task the Court assigned to it—"reconciliation of the express warranty(ies) made by Multivac with the disclaimer clause"—if the Court granted Rotella's Motion in Limine No. 3 and redacted or otherwise prohibited the jury from viewing the very clause it is supposed to interpret.

Finally, the conspicuousness of the warranty provisions is immaterial where, as here, Rotella's admits to actually reading and understanding the warranty waivers. *ACMA USA, Inc. v. Surefil, LLC*, No. 3:08-CV-071, 2008 WL 4775333, at *8 (E.D. Va. Oct. 31, 2008) (denying

3

near-identical motion in limine because "Regardless of its conspicuousness, a warranty disclaimer is fully enforceable when a purchaser has 'actual awareness' of the disclaimer."); *Kay Martin Painting, Inc. v. Ameron, Inc.*, 638 F.Supp. 768, 775 (D. Kan. 1986) (noting that even the warranty disclaimer was inconspicuous, the buyer's awareness of the disclaimer makes it effective); *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 772 F.2d 1329, 1334-35 n.3 (7th Cir. 1985) (noting that there is no need to determine whether a disclaimer is conspicuous when the buyer has actual knowledge of the disclaimer); *Fargo Mach. & Tool Co. v. Kearney & Trecker Corp.*, 428 F.Supp. 364, 372 (E.D. Mich. 1977) (finding that the disclaimer of implied warranty satisfied U.C.C. 2-316 where the buyer knew of the warranty provision, read it and understood it). Thus, the Court should deny this motion in limine.

### 4. The Court Should Deny Rotella's Motion in Limine No. 4 Because Section 9 of the Contract is Operative, and Exclusion of the Section Would be Prejudicial to Multivac.

The Court should deny Rotella's Motion in Limine No. 4 because it relies on a misstatement of the Court's holding at summary judgment and would be prejudicial to Multivac. First, the Court's summary judgment holding did not discuss or analyze Section 9 of the contract beyond reciting the Section in the facts. Rotella's claim that the Court invalidated this provision has no support in the Court's Order. Second, as discussed *supra*, Part 3, even if the Court's holding regarding the waiver provisions in Section 6 also applied to Section 9, that holding was limited to implied warranties, and has no application to express warranties. The Court specifically left reconciliation of (alleged) express warranties with the waiver provisions in the contract to be decided by the jury, which, as discussed above, requires that the jury actually be able to see the provisions it is supposed to reconcile. Third, the limitation of liability in Section 9 is much broader than the waiver of warranty(ies)—in addition to disclaiming warranties, the

4

section also disclaims liability for <u>all other (non-warranty) claims</u> regarding "the quality, life, handing, or other required specifications of the products that are packaged using the Goods." (Doc. 45-3, p. 22-23). The UCC sections regarding waiver of warranty (including the conspicuousness requirement) are inapplicable to the non-warranty portion of the liability waiver, and Rotella's fails to cite any other ground for excluding the jury from seeing Section 9.

By contrast, as discussed above, Multivac would suffer material prejudice from the jury's natural inclination to make assumptions about the reason for redaction of a portion of the contract and the redacted content. There is no justification for excluding the jury from seeing Section 9, particularly when the Court has tasked the jury with determining whether there are express warranties applicable to the R535, and therefore the Court should deny Rotella's Motion in Limine No. 4.

## **CONCLUSION**

Rotella's has failed to establish an evidentiary or legal basis for the relief it seeks in its Motions in Limine Nos. 1 through 4. For the foregoing reasons, the Court should deny these motions.

    Respectfully submitted,

    /s/ Michael S. Hargens
| | |
|---|---|
| Michael S. Hargens | MO #51077 |
| Kyle A. Kitson | MO #66008 |

4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Michael.Hargens@huschblackwell.com
Kyle.Kitson@huschblackwell.com

ATTORNEYS FOR PLAINTIFF MULTIVAC, INC.

5

Case 4:14-cv-01003-ODS   Document 67   Filed 04/27/16   Page 5 of 6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2016, a true and accurate copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Matthew W. Lytle
Miller Schirger, LLC
4520 Main Street, Suite 1570
Kansas City, MO 64111
mlytle@millerschirger.com

Paul M. Shotkoski & David P. Kennison
FRASER STRYKER PC LLO
400 Energy Plaza
409 South 17th Street
Omaha, NE 68102
pshotkoski@fraserstryker.com
dkennison@fraserstryker.com

ATTORNEYS FOR DEFENDANT
ROTELLA'S ITALIAN BAKERY, INC.

/s/ Michael S. Hargens
Attorney for Plaintiff Multivac, Inc.