IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MULTIVAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-1003-CV-W-ODS |
| | ) | |
| ROTELLA'S ITALIAN BAKERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER (1) GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTIONS IN LIMINE, AND (2) GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION IN LIMINE

Pending are the parties' motions in limine. Parties are reminded that these rulings are interlocutory. Therefore, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties are encouraged to re-assert their objections at trial if they deem it appropriate to do so. Evidence that is barred shall not be discussed in the jury's presence (including during opening statements) without leave of the Court, and in this regard, parties are free to suggest (out of the jury's presence) that something has occurred during the trial that justifies a change in the Court's interlocutory ruling.

**Multivac's Motion in Limine No. 1 (Doc. #55)**

Multivac seeks to exclude evidence or argument (including reference to such matters during voir dire, opening statement, and closing argument) referring to Plaintiff as a "German, or foreign-based company." While Multivac is incorporated in Delaware with its principal place of business in Kansas City, Missouri, Multivac is a subsidiary of a multinational manufacturing group, and the manufacturing of the machine that is at the heart of the contract dispute occurred in Germany. Rotella's shall not refer to Multivac as a "German company" or a "foreign-based company," and shall not introduce evidence that Multivac is a subsidiary of a "German company" or a "foreign-based company." To the extent Multivac's damages claim includes the recovery of shipping

costs, the parties are permitted to introduce evidence that the R535 was manufactured in Germany and shipped from Germany.  For these reasons, Multivac's motion in limine is granted in part and denied in part.

**Multivac's Motion in Limine No. 2 (Doc. #56)**

Multivac seeks to exclude testimony, evidence, or argument regarding "prior unrelated acts and/or alleged 'character' evidence involving Multivac's sales representative, Mark Snethen."  Snethen was the sales representative who sold the R535 machine to Rotella's.  Rotella's alleges Snethen made representations to Rotella's about what the R535 could do, and contends it should be permitted to present evidence related to Snethen's interactions with Rotella's.

Multivac specifically seeks to exclude an email with the subject line "Rotella Notes" sent internally at Multivac on July 11, 2014, regarding the need to "query" Snethen about representations he made to Rotella's and what one person thought was "a lot of technical mistakes made by Mark [Snethen] on the front end of this one…" Doc. #56-1, at 1.  There is also a mention of a "butt chewing" Snethen received on "other mistakes."  *Id.*  There is no doubt the majority (if not the entirety) of this email pertains to Multivac's agreement with Rotella's and Snethen's representations to Rotella's.

Multivac's argument that Rotella's has not alleged a specific claim about Snethen's "technical mistakes" is unavailing.  Rotella's counterclaims (and affirmative defenses) are based upon the representations made by Multivac and the contract entered into by the parties.  What "technical mistakes" Snethen made with regard to this agreement are relevant.  Further, the email shows absence of mistake or intent on Snethen's part.  Finally, the Court finds the probative value of this email outweighs the potential prejudicial effect.  The Court denies Multivac's motion in limine.

**Multivac's Motion in Limine No. 3 (Doc. #57)**

Multivac requests that the Court reconsider its position with regard to the admissibility of parol or extrinsic evidence and prevent Rotella's from offering any parol or extrinsic evidence regarding the content or terms of the R535 Sales Agreement.  In

2

its Summary Judgment Order, the Court determined the parties' contract was not complete, and therefore, the Court would "allow testimony at trial regarding what the R535 was supposed to do, including information and representations made by Multivac to Rotella's prior to the contract being executed." Doc. #52, at 9. Multivac has not presented additional facts or case law that sways this Court to change its position with regard to allowing extrinsic evidence. Accordingly, Multivac's motion in limine is denied.

**Rotella's Motion in Limine (Doc. #59)**

For its first motion in limine, Rotella's seeks to prohibit Multivac from "mentioning, making reference to, eliciting testimony, or offering evidence regarding the parol evidence rule." Doc. #59, at 1. Given the Court's ruling that it would "allow testimony at trial regarding what the R535 was supposed to do, including information and representations made by Multivac to Rotella's prior to the contract being executed" (Doc. #52, at 9), it is unclear as to what Rotella's seeks to exclude. As such, the Court maintains the position set forth in its Summary Judgment Order, and denies Rotella's motion in limine.

For its second motion in limine, Rotella's seeks to exclude Section 1 of the Terms and Conditions in the parties' contract, arguing references to Section 1 would contravene the Court's Order, prejudice Rotella's, and risk jury confusion. Multivac argues that Section 1 should not be excluded because the Court did not find that the section was invalid or inoperative, and the section is an operative portion of the contract at issue in this matter. The Court agrees with Multivac. Rotella's motion in limine pertaining to Section 1 of the Terms and Conditions is denied.

For its third motion in limine, Rotella's seeks to exclude Section 6 of the Terms and Conditions in the parties' contract, maintaining that introduction of Section 6 would contravene the Court's Summary Judgment Order, would prejudice Rotella's, and would confuse the jury. Multivac argues, among other things, that Section 6 should not be excluded because the Court found there was an issue of material fact regarding reconciliation of the express warranty(ies) made by Multivac with the disclaimer clause. The Court agrees with Multivac. Rotella's motion in limine pertaining to Section 6 of the Terms and Conditions is denied.

3

For its fourth motion in limine, Rotella's seeks to exclude Section 9 of the Terms and Conditions, contending Section 9 is invalid. Multivac counters that the Court did not invalidate Section 9, and the Court left reconciliation of the express warranties with the waiver provision in the contract to be decided by the jury. The Court agrees with Multivac. Rotella's motion in limine pertaining to Section 9 of the Terms and Conditions is denied.

For its fifth motion in limine, Rotella's seeks to exclude evidence and testimony regarding insurance or insurance coverage that may be in effect to indemnify Multivac for damages that may be awarded as a result of the judgment in this matter. Multivac did not file any opposition to this motion. Pursuant to Rules 403 and 411 of the Federal Rules of Evidence, the Court grants Rotella's motion in limine pertaining to insurance coverage.

For its final motion in limine, Rotella's seeks to prevent Multivac from utilizing documents that were not produced by Multivac during the course of discovery. Multivac did not file any opposition to this motion. The Court grants Rotella's motion. Multivac is prohibited from using documents in its case-in-chief that were not produced during the course of discovery in this matter.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 3, 2016       UNITED STATES DISTRICT COURT